JUSTICE RICE,
dissenting.
¶26 I respectfully dissent from the Court’s decision in this matter, believing it to be an inadequate response to the issue presented.
¶27 The Appellants raise the issue of whether equities require application of the common fond doctrine to a hospital lien holder. The Court, however, chooses to address only the question of whether the holding in Nichols precludes application of the common fund doctrine. Finding it does not, the Court, rather than resolving the issue raised on appeal, remands the case to the District Court for another try.
¶28 I do not disagree with the Court’s conclusion that Nichols, by itself, does not preclude application of the common fund doctrine. Nichols predates Means, and the doctrine was neither argued nor discussed therein. However, the Court further holds that Nichols is wholly irrelevant to further consideration of the issue, and cannot be relied on as authority. The Court states:
Kilmers insist the common fund doctrine presents entirely different legal issues. We agree. Therefore, we hold that Nichols does not preclude application of the common fund doctrine to the case at bar.
*38 For the foregoing reasons, we hold that the District Court erred as a matter of law in relying on Nichols to grant Medcenter’s motion for partial summary judgment. As requested by Kilmers, we reverse and remand to allow Kilmers to present arguments in the District Court for the application of the common fund doctrine in this case.
¶¶ 21, 25 (emphasis added).
¶29 The Court errs in holding that Nichols is irrelevant. Contrary to the Court’s statement, the common fund doctrine does not present entirely different issues. The Court cites to both Means and Murer for authority, but fails to discuss the entirety of those holdings. In both cases, this Court held that the common fund doctrine is “rooted in the equitable concept[ ] of quasi-contract ..’’ Murer, 283 Mont. at 222, 942 P.2d at 76. Contract principles are thus an indispensable consideration in determining the applicability of the common fund doctrine -just as they were in Nichols, where this Court found that there was no implied contract which compelled sharing of attorneys’ fees. Nichols, while not necessarily controlling, is nonetheless analogical authority. However, the Court, by erasing Nichols[1], removes our case law’s most significant discussion of contract principles related to the attorney-hospital conflict at issue here.
¶30 It is this Court’s duty to determine the parameters of the common fund doctrine when asserted against a statutory hospital lien. It should do so, either expanding the rule of Nichols, or distinguishing Nichols, in accordance with its determination. Here, the Court removes one piece from the puzzle box, and then sends the puzzle to the District Court to put together. Because all facts relevant to the issue are of record, and nothing is to be gained by remanding the case back to the District Court for a second try, I would decide the issue raised by Appellants.
¶31 In response to this dissent, the Court offers that the parties did not present arguments regarding the common fund doctrine. That is not correct. The solitary issue presented in Kilmers’ brief was whether the doctrine applied. Their summary of argument stated as follows:
It is Kilmers’ position that the underlying facts make the present case an appropriate case to apply the common fund doctrine, spreading the costs of litigation among those who benefitted from *39 it. In addition, it is Kilmers’ position that Nichols is not applicable in the present case because it is legally and factually distinguishable.
Further, the relief requested in their briefs conclusion was for this Court to find that the common fund doctrine was applicable, and to vacate the judgment in favor of MedCenter. Kilmers then asked that the matter be remanded only for the trial court to calculate MedCenter’s pro rata share of fees and costs. In response to Kilmers’ presentation of this issue, MedCenter’s brief argued against application of the doctrine for some 16 pages in its brief. I would reach the merits of the issue raised.

 The Court does not state that Nichols is overruled, only that Nichols cannot be relied upon when the common fund doctrine is asserted.